IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 7:10-2551-HFF-KFM |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| ASHLAN VILLAGE, INC., d/b/a ASHLAN VILLAGE RETIREMENT COMMUNITY, | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and retaliation, and to provide appropriate relief to Leah D. Pyhala ("Pyhala") and Holly Black ("Black") who were adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, Ashlan Village, Inc., d/b/a Ashlan Village Retirement Community ("Defendant"), subjected Pyhala to a sexually hostile work environment based on her sex, and terminated her as the result of the sexual harassment. The Commission further alleges Defendant discharged Pyhala and Black in retaliation for complaining about employment practices made unlawful by Title VII or that they reasonably believed to be unlawful under Title VII.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina. This lawsuit is being filed in the Spartanburg Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Spartanburg Division.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a South Carolina corporation doing business in the State of South Carolina and the City of Lyman, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Pyhala and Black filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      <u>Pyhala – sexual harassment.</u>   Since at least September 2008, Defendant has engaged in unlawful employment practices at its Lyman, South Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) by subjecting Pyhala to sexual harassment that created a sexually hostile work environment because of her sex, female.

2

8. Defendant hired Pyhala in or around September 2008, as its Marketing Director. Beginning within approximately one week of Pyhala's hire, Defendant's male Executive Director who was Pyhala's direct supervisor began subjecting her to unwelcome sexual comments and conduct on a daily basis. The comments and conduct continued until in or around mid-December 2008 when Pyhala complained.

9. The Executive Director's comments to Pyhala included such things as "With an ass like that, of course I would look;" "You fill out your jeans really nice;" "I like to watch [Pyhala's] breasts bounce up and down when I go over speed bumps;" and "I have something for you . . .it's eight and half inches long." These and other similar sexual comments were made to Pyhala on a daily basis. Additionally, the Executive Director also sent regular text messages to Pyhala with suggestive language such as "Hey beautiful. Just thinkin' about you" and touched Pyhala's buttocks. The comments and conduct were severe or pervasive as it included daily sexual comments, graphic images sent via email, and touching. Pyhala was offended by the Executive Director's comments and conduct and complained about it to Defendant on or about December 18, 2008.

10. The Executive Director discharged Pyhala on or about January 2, 2009 because of the sexual harassment. The termination was immediately rescinded by Defendant's co-owner. The Executive Director terminated Pyhala again on January 27, 2009. As such, Pyhala suffered a tangible job action at the direction of the Executive Director who was also the harasser, and which directly resulted from the sexual harassment.

11. <u>Pyhala and Black – retaliation discharge</u>. In or around January 2009, Defendant engaged in unlawful employment practices at its Lyman, South Carolina facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Pyhala and Black because they opposed employment practices made unlawful by Title VII.

12. On or about December 18, 2008, Pyhala complained to Defendant's co-owner about the Executive Director's sexual comments and conduct as set forth above, including the sexual comments, text messages and touching. Black also received email from the Executive Director which contained graphic sexual content. Black, who was Defendant's Director of Resident Services, accompanied Pyhala to discuss the sexual harassment with Defendant's co-owner. Black also complained about the email and the sexual harassment to Defendant's co-owner.

13. The Executive Director discharged Pyhala on or about January 2, 2009 because of the sexual harassment or in the alternative, in retaliation for her complaint of sexual harassment. The Executive Director attempted to discharge Black on or about January 2, 2009, but was unable to reach her by telephone that day in order to do so. The termination of Pyhala was immediately rescinded by Defendant's co-owner. The Executive Director terminated Pyhala and Black again on January 27, 2009. Pyhala was terminated because of the sexual harassment and/or in retaliation for her sexual harassment complaint. Black was terminated because of her sexual harassment complaint.

14. The effect of the practices complained of above has been to deprive Pyhala of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, and to deprive Pyhala and Black of equal employment opportunities and otherwise adversely affect their status as employees because of their opposition to practices made unlawful under Title VII.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Pyhala and Black.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole Pyhala and Black by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

E. Order Defendant to make whole Pyhala and Black by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, relocation expenses, job search expenses, and/or medical expenses, in amounts to be determined at trial.

F. Order Defendant to make whole Pyhala and Black by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

G.    Order Defendant to pay Pyhala and Black punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 30th day of September, 2010.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NW
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

s/ Nicholas G. Walter
NICHOLAS G. WALTER
Trial Attorney (Fed. Bar No. 9975)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:     704.954.6472
Facsimile:     704.954.6412
Email:             nicholas.walter@eeoc.gov

ATTORNEYS FOR PLAINTIFF