IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) ) | |
| Plaintiff, | ) ) ) | C/A No. 7:10-2551-TMC |
| v. | ) ) ) | **OPINION & ORDER** |
| Ashlan Village, Inc., d/b/a Ashlan Village Retirement Community, | ) ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Equal Employment Opportunity Commission's ("EEOC's") Motion in Limine. (Dkt. # 38). Defendant Ashlan Village, Inc., d/b/a Ashlan Village Retirement Community ("Ashlan Village"), filed a response opposing the motion (Dkt. # 44) and the EEOC subsequently filed a reply. For the reasons set forth below, the EEOC's motion is granted in part and denied in part.

**Background/Procedural History**

Ashlan Village runs a continuing care retirement community. Between September 2008 through January 2009, Leah Pyhala Whiting ("Whiting") was employed by Ashlan Village as a Marketing/Activities Director. Between November 2008 and January 2009, Holly Black was employed by Ashlan Village as Director of Resident Care.

On January 2, 2009, Ashlan Village Retirement Community Administrator, Alton Free. Mr. Free ("Free") terminated Black and Whiting without the consent of the owners and developers of Ashlan Village, brothers Bruce and Brian Niemitalo.[1]  Within a day or

---

[1] The court notes that in the memoranda and record the brothers' last name is spelled two ways: Niemitalo and Niematalo. It appears the correct spelling is Niemitalo.

two of their termination, Bruce and Brian Niemitalo ordered Free to re-hire Black and Whiting. On January 27, 2009, Free again terminated Black and Whiting with the Niemitalo brother's consent. The EEOC alleges Ashlan Village subjected Whiting to a sexually hostile work environment and terminated Black and Whiting in retaliation for complaining about alleged illegal employment practices.

## Discussion

The EEOC is seeking to preclude Ashlan Village from proffering: 1) any testimony, argument and/or evidence regarding the reasons for Whiting and Black's termination from individuals who were not the decision makers and 2) any testimony, argument, and/or evidence regarding exhibits and documents not specifically identified in Ashlan's pretrial disclosures.

**Testimony or Evidence from Non-Decision Makers**

The EEOC contends that Ashlan Village will try to proffer testimony from Martha Glenn and Sherry White, caregivers, and Shana Lowe, a kitchen employee, who will claim Whiting and Black performed their jobs poorly. The EEOC contends that testimony from these non-decision makers is irrelevant as Ashlan Village contends that its Executive Director, Alton Free, and owners, Bruce and Brian Niemitalo, made the decision to fire Whiting and Black. The EEOC contends this evidence is irrelevant, unduly prejudicial, and confusing and should be excluded.

Pursuant to Rule 402, Fed. R. Evid., evidence is not admissible if it is not relevant. Fed.R.Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

---

(*See e.g.* Pl.'s Reply Mem. at 1, 2).

2

"Rule 401 defines relevant evidence in the widest possible terms. Evidence is relevant if it has any tendency to prove or disprove the existence of a consequential fact. Rule 401's definition, therefore, implies a liberal standard of admissibility." *Leardini v. Charlotte-Mecklenburg Bd. of Educ.*, 2012 WL 346674 *2 (W.D.N.C. 2012)(internal citation omitted). "The liberality with which the courts interpret relevance for admissibility purposes means that any evidence that might affect the finder of fact's judgment concerning the existence of a consequential fact is potentially relevant." *Id*. Additionally, pursuant to Rule 403, a court can exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

The EEOC contends Whiting and Black were terminated by Free and he did not rely upon others in determining whether to terminate Whiting and Black. While Free testified at his deposition that he did not consider any input from co-workers in deciding to terminate Whiting and Black, (Free Dep., Nov. 1, 2011- Dkt. # 38-1 at 101-102) there is testimony that the Niemitalo brothers instructed Free to terminate Whiting and Black and that the Niemitalo brothers did not rely solely upon Free's account of the situation, but rather that they had spoken to co-workers regarding their observations. The EEOC in its reply contends that at their depositions, the Niemitalo brothers were unable to name a single employee with whom they spoke, other than Free. In his deposition, Bruce Niemitalo testified that he spoke to several employees, but he could not remember anyone in particular. (Bruce Niemitalo Dep., Nov. 4, 2011- Dkt. # 38-2 at 24-25). In his deposition, Brian Niemitalo actually testified that he did not confer with anyone *regarding the decision to terminate* Whiting and Black, but he also testified that they had "received

3

some more information, and that's what convinced [us] that it's not going to work out." (Brian Niemitalo Dep., Nov. 4, 2011- Dkt. # 46-1 at 2). Brian Niemitalo's testimony that he did not confer with anyone regarding the decision to terminate Whiting and Black does not preclude the admission of testimony or evidence that he may have had other discussions regarding Whiting and Black's job performance.

There is evidence that the decision makers's conversations with other employees may have been utilized in making the decision to terminate Whiting and Black. The testimony is therefore relevant. Furthermore, the court does not find such testimony to be unduly prejudicial or confusing  Accordingly, the court finds no basis to exclude this testimony at this time and, therefore, Plaintiff EEOC's motion in limine to exclude testimony from other employees who were non-decision makers regarding Whiting and Black's job performance is denied.

**Documents Not Properly Disclosed pursuant to Rule 26(a)(3)**

Pursuant to Rule 26(a)(3), Fed. R. Civ. P., the parties are required to identify in their pretrial disclosures "each document or other exhibit" it expects to offer at trial. Rule 37(c), Fed. R. Civ. P., provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c).

In its disclosures, Ashlan stated: "The following is a list of the documents and other evidence the Defendant has identified, to date: 1. Employee files from Ashlan Village for Alton Free, Holly Black and Leah Whiting Pyhala." EEOC contends that Defendant has not identified a single document with specificity which prevents them from determining objections , if any.

4

The court finds that, while Defendant should have been more specific in identifying the records, referring to them collectively as employee files in this case was harmless. The records are relatively small and cover a short time period. Accordingly, the court declines to exclude this evidence at this time. However, the court agrees with the EEOC that the admission of the SLED report on Whiting should be excluded at this time.

Finally, the EEOC seeks to exclude the "Administrator's Statements" regarding Whiting and Black which the EEOC states Free testified he created. The EEOC contends these statements are not sworn and have not been properly authenticated under Rule 901, Fed. R. Evid. Further, the EEOC contends Free is expected to testify at trial and the introduction of these statements should not be a substitute for live testimony. These statements are not in the record and, as it is not certain whether Free will actually testify at trial, the court will not exclude these statements at this time. The EEOC is free to renew its objections regarding these statements at the appropriate time at trial.

For the aforementioned reasons, the Defendants' Motion in Limine is **GRANTED** in part and **DENIED** in part as set forth in this order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderdon, South Carolina
July 13, 2012